IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SARAH HILL,** individually and on behalf of those similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**WILLAMETTE FALLS PAPER CO., INC.**,<br><br>        Defendant. | Case No. 3:24-cv-1729-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Sarah Hill brings a putative class action against Defendant Willamette Falls Paper Co., Inc., alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act"). Plaintiff served Defendant on October 30, 2024, and Defendant has not appeared in this case. Plaintiff moved for entry of default on February 3, 2025, which the Court granted that same day. Plaintiff now moves for default judgment against Defendant and seeks $5,847.60 in damages. For the reasons explained below, the Court grants in part Plaintiff's motion.

## STANDARDS

Under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

PAGE 1 – ORDER

failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The Court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

PAGE 2 – ORDER

**BACKGROUND**

Plaintiff worked at a manufacturing plant operated by Defendant. Compl. (ECF 1) ¶ 2. On or about August 6, 2024, Defendant informed a group of at least 158 employees, including Plaintiff, that their jobs would immediately be terminated immediately that day. *Id.* ¶¶ 14-15. Defendant did not provide notice of this termination at least 60 days in advance. *Id.* ¶ 16. Plaintiff filed this action on October 11, 2024, on behalf of herself and a putative nationwide class of all employees who were terminated within 90 days of August 6, 2024. *See id.* ¶ 19.

**DISCUSSION**

**A.** *Eitel* **Factors**

    **1. Prejudice**

The first factor, the prejudice to Plaintiff if default judgment is not entered, weighs in favor of entry of default judgment. Because of Defendant's failure to cooperate in this lawsuit and Plaintiff's lack of alternative means of recovery, Plaintiff will suffer prejudice in the absence of default judgment. *See Masonry Indus. Tr. Admin., Inc. v. Broken Stone Masonry, LLC*, 2025 WL 1972030, at *3 (D. Or. May 3, 2024).

    **2. Pleading Claims for Relief**

The second factor, the merits of Plaintiff's substantive claims, and the third factor, the sufficiency of her complaint, are addressed together. Plaintiff brings a claim for violations of the WARN Act, alleging that Defendant failed to provide the required 60-day notice before a mass layoff.

Under the WARN Act, "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" to each representative of the affected employees and to the State or entity designated by the State. 29 U.S.C. § 2102(a). An employer is defined as a business with either "100 or more employees,

excluding part-time employees," or "100 or more employees who in the aggregate work at least 4,000 hours per week." *Id.* § 2101(a)(1). A "plant closing" is

> the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees . . . .

*Id.* § 2101(a)(2). A "mass layoff" is a "reduction in force" that "is not the result of a plant closing" and "results in an employment loss at the single site of employment during any 30-day period for . . . at least 33 percent of the employees . . .; and . . . at least 50 employees," or for at least 500 employees, all excluding any part-time employees. *Id.* § 2101(a)(3).[1]

Plaintiff alleges that Defendant is an employer under the definition of the WARN Act. Compl. ¶ 25. This statement is a legal conclusion that does not sufficiently allege that Defendant meets the statutory requirements. Plaintiff further alleges that Defendant terminated at least 158 workers on August 6, 2024. *Id.* ¶ 15. Although Plaintiff does not specify if any of these workers were part-time employees or the aggregate hours worked by the total employees, it is a reasonable inference that Defendant employed either 100 or more employees, excluding part-time employees, or 100 or more employees that in the aggregate work more than 4,000 hours a week. Plaintiff also asserts that Defendant terminated more than 50 employees and at least 33

---

[1] The chapter does not apply to plant closing or mass layoffs that are of temporary facilities or that are the result of the completion of a particular project if the affected employees were hired with the understanding that their employment was limited to the temporary duration, or if the closing or layoff is a strike or lockout. *Id.* § 2103. Plaintiff does not allege that the exemptions under § 2103 do not apply to Defendant, nor does Plaintiff need to allege these affirmative defenses. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("[T]he burden of pleading [a defense] rests with the defendant." (citing Fed. R. Civ. P. 8(c)); *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019) (holding that the defendant had the burden of pleading a statutory exemption); *Samuels v. Lido Dao*, 757 F. Supp. 3d 951, 971 n.7 (N.D. Cal. 2024) ("It is a defendant's burden to prove that a [§ 2103] exemption applies; a plaintiff does not need to plead that none does.").

percent of full-time employees—a total of at least 158 workers. *Id.* ¶¶ 3, 13, 15, 27. This qualifies as a mass layoff under the WARN Act. Finally, Plaintiff alleges that Defendant did not give written notice before this mass layoff, but instead only gave notice the day that termination was effective. *Id.* ¶¶ 3, 10, 13, 14, 16, 30. Thus, Plaintiff sufficiently has alleged her claim under the WARN Act and these factors counsel in favor of default judgment.

### 3. Sum of Money at Stake

The fourth factor, the sum of money at stake, counsels in favor of granting default judgment. Plaintiff seeks only $5,487.60 in damages, which is not a large amount. *See, e.g.*, *Meier v. Grant & Weber, Inc.*, 2019 WL 2373517, at *3 (S.D. Cal. June 4, 2019) (holding that a sum of money at stake of $6,005 "is not large"); *Masonry Indus. Tr. Admin.*, 2025 WL 1972030, at *4 (holding that $143,771.12 was not so large as to disfavor default judgment).

### 4. Disputed Facts

The fifth factor, whether there is a possibility of disputed material facts, weighs in favor of default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes*, 559 F.2d at 560).

### 5. Excusable Neglect

The sixth factor also weighs in favor of default judgment: Plaintiff properly served Defendant with the summons and complaint, and Defendant failed to appear. There is no sign that Defendant's default resulted from excusable neglect.

### 6. Judgment on the Merits

Finally, although the Ninth Circuit counsels that "[c]ases should be decided on their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, "this preference, standing alone, is not dispositive," *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)

(quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). When a party completely fails to respond, a decision on the merits is impracticable, and default judgment is warranted. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Thus, the *Eitel* factors weigh in favor of default against Defendant on Plaintiff's claim under the WARN Act.

## B. Damages

Plaintiff requests $5,847.60 in damages. The WARN Act entitles plaintiffs to "back pay for each day of violation at a rate of compensation not less than the higher of—(i) the average regular rate received by such employee during the last 3 years of the employee's employment; or (ii) the final regular rate received by such employee," as well as benefits under an employee welfare benefit plan or employee pension benefit plan. 29 U.S.C. § 2104(a)(1) (referencing 29 U.S.C. § 1002(3)). The Ninth Circuit has held that this statute means that an employee is entitled to be paid for each work day in the 60 day period. *Burns v. Stone Forest Indus., Inc.*, 147 F.3d 1182, 1184-85 (9th Cir. 1998).

Plaintiff submits evidence of her pay history and benefits for 2023 and 2024, for a total of 609 days.[2] *See* ECF 14-1. Plaintiff calculated the total amount earned in these days as $58,550.01 in wages and $806.86 in covered benefits, for a total of $59,356.87. *Id.* ¶ 3. She then divided this amount by 609 days to reach an average daily rate of $97.46, making for total damages of $5,847.60 over the 60-day period of Defendant's WARN Act violation. *Id.* ¶¶ 4-5. This is an acceptable method for calculating damages under the WARN Act. *See Gunderson v.*

---

[2] Plaintiff does not explain why she included only 609 days of pay history instead of the three years noted in the statute. Still, the Court accepts the pay records as sufficient evidence of Plaintiff's payment history to calculate her damages.

*Alta Devices, Inc.*, 2021 WL 4461569, at *3 (N.D. Cal. Sept. 29, 2021) (finding similar method of damages calculation appropriate).

The Court has verified that Plaintiff earned $58,550.01 in wages in the 609-day period based on the submitted pay records. Plaintiff, however, does not provide documentation to support the $806.86 in covered benefits. The pay records that she has submitted show dental benefits in the amount of $18.55 per pay period, long-term disability benefits in the amount of $11.88 per pay period, medical benefits in the amount of $391.86[3] per pay period, and short-term disability benefits in the amount of $6.55 per pay period. No combination of these amounts over the 40 pay periods that Plaintiff has submitted totals to $806.86. Further, Plaintiff has not submitted evidence to support that any of these four benefits fit within the statutory definition of benefits under an employee welfare benefit plan or employee pension benefit plan. Thus, the Court does not include the alleged $806.86 in covered benefits in calculating Plaintiff's damages. Based on Plaintiff's earned wages of $58,550.01, the Court calculates Plaintiff's average daily rate as $96.14, for total damages of $5,768.47 over the 60-day period of Defendant's WARN Act violation.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's Motion for Default Judgment, ECF 14. The Court awards Plaintiff damages in the amount of $5,768.47.

**IT IS SO ORDERED.**

DATED this 3rd day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] For the pay periods from July 21 to August 3, 2024, and August 4 to August 9, 2024, Plaintiff's medical benefits were $408.73. ECF 14-1 at 14-15.

PAGE 7 – ORDER